CENTER FOR AUTO SAFETY et
al., Plaintiffs,

v.

Norbert T. TIEMANN et al., Defendants.

Civ. A. No. 74–1662.

United States District Court,
District of Columbia.

Feb. 28, 1977.

Mark H. Steinbach, Washington, D.C., for plaintiffs.

Earl J. Silbert, U.S. Atty., Robert N. Ford, Ann S. DuRoss, Asst. U.S. Attys., Edwin J. Reis, Asst. Chief Counsel, Washington, D.C., Stanley H. Abramson, Federal Highway Administration, Washington, D.C., for defendants.

## MEMORANDUM

CHARLES R. RICHEY, District Judge.

This case is before the Court, pursuant to 5 U.S.C. § 702, for judicial review of final agency action taken by the Federal Highway Administration pursuant to section 116 of the Federal-Aid Highway Act of 1973, 23 U.S.C. § 117 (Supp. V 1975). Specifically, plaintiffs challenge the defendants' decision to approve the State of Georgia's plan for Certification Acceptance (CA) under section 116. The Court has reviewed the record, and has determined that, in accordance with the practice prescribed by the Supreme Court and the United States Court of Appeals for this circuit, this case must be remanded to the defendants for clarification of the decision at issue. In this memorandum and accompanying Order, the Court will, *inter alia,* briefly explain its reasons for remanding the case to the agency.

I. *The Defendant Is Required To Make A "Capability" Finding Under Section 116.*

■ On September 3, 1974, Georgia became the first state to have a CA plan approved: the defendants found, under Section 116(a) of the Federal-Aid Highway Act of 1973, that the state's highway projects "will be carried out in accordance with State laws . . . and standards establishing requirements at least equivalent to those contained in, or issued pursuant to, this title."[1] Plaintiffs do not challenge the defendants' determination that Georgia has laws and safety standards at least equivalent to federal standards contained in title 23 of the United States Code. Plaintiffs maintain, however, that the defendants failed to make a finding that Georgia had the *capability* to ensure that those standards would be enforced. Defendant does not concede that a capability finding is required but maintains that, in any case, the agency did in fact make such a finding.

The Court feels compelled, as a threshold matter, to comment on whether or not the agency *must* make a capability finding in evaluating state CA plans under 23 U.S.C. § 117. The language of the statute indicates that a capability requirement is in fact required: the agency may not approve a state CA plan unless the Secretary of Transportation finds that state highway projects "*will* be carried out in accordance with" state laws equivalent to federal standards.[2] Although the legislative history on this point is not explicit, several portions support the conclusion that a capability finding is required.[3] Defendants have failed to offer any arguments in opposition

---

1. The CA statute was amended in May 1976 with the passage of § 116(a) of the Federal-Aid Highway Act of 1976. It now provides, in pertinent part, that the Secretary of Transportation may accept a state's certification if he finds that the state's highway projects "will be carried out in accordance with State laws . . . and standards *which will accomplish the policies and objectives contained in or issued pursuant to this title.*" 23 U.S.C.A. § 117(a) (Supp. 3 1976) (emphasis added to highlight amended portions).

   The defendant Secretary has delegated his responsibility to make findings pertaining to CA, along with other duties pertaining to the administration of the Federal-Aid Highway Act, to the defendant Administrator of the Federal Highway Administration. *See* 49 C.F.R. § 1.48(b) (1976).

2. 23 U.S.C. § 117(a).

3. In analyzing the Senate version of the certification acceptance provision, the Conference report on the 1973 Act states:

   The Secretary is authorized to discharge his responsibilities relative ·to [noninterstate] projects by accepting a certification of the *capability* of the State to perform such responsibilities, if he finds that they will be carried out according to State regulations at least equivalent to those required by Title 23. S. Rep. No. 355, 93d Cong., 1st Sess. 61 (1973), U.S. Code Cong. & Admin. News 1973, pp. 1859, 1949 (emphasis added). The House committee report notes:

   In making his decision to accept a State's certification, the Secretary *must* measure the State highway department's *resources* and

to that conclusion, and have, instead, merely refrained from "conceding that the CA statute requires such a finding as a matter of law."[4] In light of the indications in the statute and legislative history favoring an interpretation that a capability finding is required, the Court concludes that a capability finding is required when the agency approves a state CA plan under section 116.

## II. *The Agency's Capability Finding In The Instant Case Is Not Sufficiently Explained To Afford The Court A Proper Basis For Judicial Review; The Case Must, Therefore, Be Remanded To The Agency For Clarification.*

■■ In challenging defendants' approval of Georgia's CA plan, plaintiffs identify a number of factors which, they claim, should be considered in making a capability finding. As noted above, defendants assert that the agency in fact made a capability finding on the basis of such factors as "staffing; training; program, project and personnel management; quality control and project supervision; and fiscal responsibility."[5] These factors are similar to those proposed by plaintiff. Unfortunately, the nature of the administrative record and the purported finding presented to the Court is such that meaningful judicial review is, at this stage, a near-impossibility.

To be sure, the record contains assessments by several agency officials to the effect that Georgia's highway department is highly qualified and that the state's past performance augurs well for continued vigorous enforcement of safety and other highway standards. But these assurances are nothing more than bare conclusions. The basis for these conclusions is not revealed.

Perhaps sensing the lack of any explanation for the agency's conclusions, defendants have submitted affidavits of several agency officials alleging that the agency's review of Georgia's CA plan included a finding on the question of capability. The most helpful affidavit in this regard is that of Mr. Clifford R. Green, Chief of the Special Procedures Branch, Federal-Aid Division, Office of Engineering of the Federal Highway Administration.[6] In paragraph 11 of his affidavit, Mr. Green identifies eight exhibits from the administrative record which were particularly important in reaching a decision that Georgia had the capability to enforce its highway standards. The Court has carefully reviewed the eight exhibits in question. They consist of thousands of pages. Some of the material involved is arguably relevant to a capability finding; much of it could not conceivably be relevant to such a finding. Neither Mr. Green nor any other official has offered further explanation as to which portions of the exhibits in question were relied upon by defendants. With the record so presented to the Court, it is simply not feasible for the Court to discover the rational basis, if any, of the agency's decision.

■■ In these circumstances, it is clear what the Court must do. "If . . . there [is] such failure to explain administrative action as to frustrate effective judicial review, the remedy . . . [is] to obtain from the agency . . . additional explanation of the reasons as may prove necessary." *Camp v. Pitts,* 411 U.S. 138, 142–43, 93 S.Ct. 1241, 1244, 36 L.Ed.2d 106 (1973). As the Court of Appeals for this circuit has recently noted: "If a reviewing court finds the record inadequate to support

---

*performance record* to determine if acceptance is in the public interest . . . . .
H. R. Rep. No. 118, 93d Cong., 1st Sess. 14 (1973), U.S. Code Cong. & Admin. News 1973, p. 1872 (emphasis added). In explaining the 1976 amendments to the CA statute, the conference report states:
   The [House] bill would require only that the states have the *ability* to accomplish the policies and objectives contained in Title 23
   . . . . .

H. R. Rep. No. 1017, 94th Cong., 2d Sess. 46 (1976), U.S. Code Cong. & Admin. News 1976, pp. 798, 855 (emphasis added).

4. Defendants' brief in support of their cross-motion for summary judgment, at 12 (Sept. 29, 1976).

5. *Id.* at 10.

6. *Id.,* attachment C.

a finding of reasoned analysis by an agency . . . only the agency itself can provide the required clarification." *Local 814, International Brotherhood of Teamsters v. NLRB,* 546 F.2d 989 at 992 (D.C.Cir.1976). *See Safir v. Kreps,* —— F.2d ——, at —— (D.C.Cir.1977); *Doraiswamy v. Secretary of Labor,* No. 74–1847, slip op. at 20 (D.C.Cir. Nov. 26, 1976).

The task on remand is narrow: The defendants should articulate, through affidavits of the agency officials involved in the 1974 decision to approve Georgia's CA plan, the precise basis for the conclusion that Georgia had the capability to enforce its highway standards. Defendants should identify the specific portions of the documents upon which they relied. Obviously, this procedure presents the risk of *post-hoc* rationalization by the agency. *E. g., Local 814, supra,* at 991–992. The Court must therefore rely on the officials' good faith and assume that, in complying with this Memorandum and accompanying Order, they will limit themselves to reconstructing, to the greatest extent feasible, the basis for the agency's decision. Of course, defendants may discover, in attempting to perform this task, that further consideration of the capability finding is warranted. If that occurs, defendants should immediately move for a fuller remand so that the question of capability can be reconsidered at the agency level.

The Court will require that the agency complete its articulation of the bases of its decision within sixty (60) days. The Court will not look favorably upon any request for extension of that time period. In the interim, the Court will not disturb the status quo, and will allow the Georgia CA plan to continue in operation.

III. *The Court Will Refrain, At This Time, From Acting On Plaintiffs' Challenge To Defendants' CA Regulations.*

■ Plaintiffs have also challenged defendants' CA regulations, which are applicable on a nationwide basis. The gist of plaintiffs' contention is that, while the regulations contain an articulation of factors relevant to the agency's determination that a state has laws and standards equivalent to federal highway safety standards, the regulations do not contain a similar articulation of the factors to be considered in making a capability finding. Counsel for the defendants has informed the Court that the agency is currently in the process of altering its CA regulations. While the original purpose of altering the regulations did not concern capability factors, plaintiffs have submitted comments to the agency on capability, and those comments are, according to the defendants, being considered seriously. In light of this pending agency reconsideration of the CA regulations, there is apparently no "final agency action" before the Court, within the meaning of 5 U.S.C. § 704. Therefore, the Court will stay its consideration of the adequacy of defendants' CA regulations until such time as the agency has completed its re-evaluation of those regulations. The Court is aware that the plaintiffs' proposed additions to the CA regulations have been under agency consideration for several months; in this connection, the Court would only note that the agency is obligated to complete its reconsideration within a reasonable period of time or it will risk having its failure to act treated, upon appropriate motion made by plaintiffs, as final, reviewable agency action under 5 U.S.C. § 704. *See* 5 U.S.C. § 551(13).

■ The Court believes that it would be helpful for the appropriate agency officials to keep two facts in mind as the agency completes its reconsideration of the CA regulations. First, as established in part I, *supra,* a capability finding is *required* under § 116 of the Federal-Aid Highway Act. Second, contrary to the defendants' current understanding, the agency's duty to promulgate regulations is apparently mandatory under § 116(c),[7] although the agency

---

7. Defendants have stressed their broad discretionary powers "[w]here the empowering provision of a statute, such as 23 U.S.C. § 117(c), states simply that the agency *may* issue such guidelines and regulations as may be necessary to carry out the provisions of the statute." *Id.*

is obviously vested with some discretion in deciding what type of regulations are "necessary to carry out this section."

### IV. *Conclusion*

The Court concludes that a capability finding is required under § 116 of the Federal-Aid Highway Act. The Court will remand this case to the agency for 60 days for articulation of the basis for the 1974 finding that Georgia had the capability to enforce its highway laws and standards. The Court will refrain at this time from addressing plaintiffs' contentions with respect to defendants' CA regulations in order to allow defendants a reasonable period in which to complete their pending reconsideration of those regulations.

An Order in accordance with this Memorandum will be issued this date.

at 5 (emphasis added)  Unfortunately, defendants misread the statute, which provides: "The Secretary *shall* promulgate such guidelines and regulations as may be necessary to carry out this section."  23 U.S.C. § 117(c) (emphasis added).