**CENTER FOR AUTO SAFETY et al., Plaintiffs,**

v.

**Karl S. BOWERS et al., Defendants.**

**Civ. A. No. 74–1662.**

United States District Court, District of Columbia.

Feb. 28, 1979.

As Amended March 16, 1979.

---

Harvey Schweitzer, Washington, D.C., for plaintiffs; Clarence M. Ditlow, III, Mark H. Steinbach, Washington, D.C., of counsel.

Earl J. Silbert, U.S. Atty., Royce C. Lamberth, Ann S. DuRoss, Asst. U.S. Attys., Washington, D.C., for defendants; Irwin L. Schroeder, Stanley H. Abramson, Washington, D.C., of counsel.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

This case is before the Court on cross-motions for summary judgment on Counts IV and V of the second amended complaint. In addition, plaintiffs have moved for both a dissolution of the stay of judicial review of the "Certification Acceptance" regulations published at 43 Fed.Reg. 46966 (1978) (to be codified at 23 C.F.R. § 640.109) and an order further specifying defendants' responsibilities under § 116 of the Federal-Aid Highway Act of 1973, 23 U.S.C. § 117 (1976). The defendants are the Secretary of Transportation and the Administrator of the Federal Highway Administration ("FHWA" or "the Agency"). Both plaintiffs are users of the highway systems af-

fected by the defendants' actions.[1] In view of the adequacy under 23 U.S.C. § 117(a) of the regulations recently promulgated by the FHWA[2]—which in essence precludes the existence of controverted material facts in Counts IV and V of the second amended complaint—the Court finds it appropriate to enter summary judgment in favor of the defendants on both counts. In doing so, the Court also dissolves its stay of judicial review of the defendant Agency's regulations.

Before analyzing the issues raised in the instant motions, a brief review of the lengthy history of this case is necessary.

## I. BACKGROUND

Plaintiffs commenced this action almost five years ago. In their original complaint, they sought injunctive and declaratory relief to prevent the Secretary of Transportation and the FHWA from implementing § 116 of the Federal-Aid Highway Act of 1973, 87 Stat. 301 (currently at 23 U.S.C. § 117 (1976), *as amended by* The Federal-Aid Highway Act of 1976, § 116, 90 Stat. 436[3]).

The Federal-Aid Highway Act, 23 U.S.C. §§ 101–156 (1976), establishes a cooperative federal-state program for the development of safe, efficient and economical roads. Under the Act, states which obtain federal funds are subject to close federal supervision to insure that the highways built meet safety standards acceptable to the United States Government. Section 117 of title 23, United States Code, provides an alternative procedure through which the Secretary of Transportation can discharge his safety-related responsibilities. In lieu of the detailed review of each state highway project, under this statute the Secretary can accept "Certification" from a state if he finds that the state's projects "will be carried out in accordance with State laws . . . and standards which will accomplish the policies and objectives contained in or issued pursuant to this title." 23 U.S.C. § 117(a) (1976[4]). This alternative procedure is known as "Certification Acceptance" (hereinafter, "CA").

Plaintiffs' original complaint challenged, on procedural and substantive grounds, the FHWA's CA regulations which were enacted pursuant to 23 U.S.C. § 117(c) (1976[5]) and published in the Federal Register on May 15, 1974. 39 Fed.Reg. 17310 (to have been codified at 23 C.F.R. § 640.7). It also challenged, as contrary to the mandate of § 116 of the Federal-Aid Highway Act of 1973, 87 Stat. 301 (currently at 23 U.S.C. § 117 (1976) (amended 1976)), the Agency's approval of the CA plan for Georgia, the first state to receive acceptance of Certification. This Court, in its memorandum opinion of April 28, 1976, ruled that: (1) the plaintiffs have standing to maintain this action; (2) the promulgation of the CA regulations as well as the approval of a state's Certification (in this case, Georgia) both constitute "a matter relating to . . grants" under 5 U.S.C. § 553(a)(2) (1976), and are therefore exempt from the rulemaking requirements of 5 U.S.C. § 553 (1976); (3) the American Association of State Highway and Transportation Officials ("AASHTO"), which the plaintiffs asserted had consulted with the defendants in the course of the development of the CA regu-

---

1. For a full discussion of the plaintiffs' backgrounds, see this Court's discussion of their standing in *Center for Auto Safety v. Tiemann*, 414 F.Supp. 215, 219–220 (D.D.C.1976), *aff'd in part sub nom. Center for Auto Safety v. Cox*, 188 U.S.App.D.C. 426, 580 F.2d 689 (1978).

2. The defendant Secretary of Transportation has delegated his duties pertaining to the Federal-Aid Highway Act to the defendant Administrator of the Federal Highway Administration. *See* 49 C.F.R. § 1.49(b) (1977).

3. The statute which rests at the heart of this suit was amended in 1976. This amendment effected a minor change in § 117 by deleting the requirement that state laws be "equivalent to" those contained in title 23, United States Code, and providing instead that they accomplish "the policies and objectives" of that title. The parties have not indicated to the Court that this amendment should have any effect on the issues raised by the present motions. Indeed, the holding in this opinion would be the same under *either* version of the statute.

4. *See* note 3, *supra.*

5. *See* note 2, *supra.*

lations, is an "advisory committee" within the meaning of the Federal Advisory Committee Act, 5 U.S.C. App. I § 3(2) (1976); and (4) the plaintiffs were entitled to judicial review under 5 U.S.C. § 702 (1976) of the defendants' decision to approve the Georgia CA plan.[6] *Center for Auto Safety v. Tiemann*, 414 F.Supp. 215 (D.D.C.1976), *aff'd in part sub nom. Center for Auto Safety v. Cox*, 188 U.S.App.D.C. 426, 580 F.2d 689 (1978) (affirmed as to the status of AASHTO).

Almost a year later, the Court issued a second memorandum opinion as part of its judicial review of the defendants' decision to accept Georgia's Certification. *Center for Auto Safety v. Tiemann*, 428 F.Supp. 118 (D.D.C.1977). This opinion ruled that under 23 U.S.C. § 117(a), the defendants are required to make a finding that the applicant state not only has laws and safety standards equivalent to federal standards, but also has the *capability* to ensure that those standards will be enforced. 428 F.Supp. at 119–20. This second test is called a "capability" finding. The Court also held that the defendant Agency's finding regarding Georgia's enforcement capability was not sufficiently articulated to afford a proper basis for judicial review; accordingly, the Court remanded the case to the Agency for clarification. *Id.* at 120–21. Finally, because the defendants were in the process of altering the CA regulations at issue, the Court refrained from acting on the plaintiffs' challenge to the then-current regulations. *Id.* at 121–22. Thus, in its order of February 28, 1977, the Court stayed judicial review of the CA regulations.

On October 12, 1978, the FHWA issued final CA regulations at 43 Fed.Reg. 46963 (to be codified at 23 C.F.R. pt. 640). Shortly thereafter, plaintiffs filed their second amended complaint challenging these regulations on substantive grounds. The plain-

tiffs also renewed their challenge to the defendant's approval of Georgia's application for certification.

## II. SUMMARY JUDGMENT IS APPROPRIATE AS TO COUNT V BECAUSE THE FINAL REGULATIONS COMPLY WITH THE MANDATE OF 23 U.S.C. § 117

■ In Count V of their second amended complaint, plaintiffs assert that the final regulations published at 43 Fed.Reg. 46963 (to be codified at 23 C.F.R. pt. 640) "fail to establish reasoned methods by which State Certifications can be evaluated to make the required capability finding . . ."[7] Second Amended Complaint ¶ 73 (filed November 27, 1978). Accordingly, plaintiffs conclude, these regulations violate 23 U.S.C. § 117. Defendants submit that their interpretation of section 117, as reflected in the latest regulations, is not only reasonable, but also complies with previous orders issued by the Court. Because the issues raised in Count V are purely legal—whether the Agency's final regulations are a valid exercise of statutory authority—the Court finds that summary judgment is appropriate. Furthermore, now that final regulations have been issued, the Court deems it appropriate to dissolve the stay of judicial review, granted in its order of February 28, 1977. Finally, after a careful study of the regulations at issue, the Court concludes that they comply with the mandate of 23 U.S.C. § 117; accordingly, the Court shall grant defendants' motion for summary judgment as to Count V of the second amended complaint.

Plaintiffs submit that the regulations are deficient because they fail to establish "reasoned methods" by which CA may be determined. Specifically, plaintiffs argue that the regulations do not provide a rational method for determining whether a state has the capability of enforcing its highway

---

6. *See* note 3, *supra*. The Court makes no decision as to the impact of the amendments enacted in § 116 of the Federal-Aid Highway Act of 1976, 90 Stat. 436, on its pre-amendment rulings in this case.

7. Plaintiffs' right to review this final agency action is established under 5 U.S.C. § 704 (1976). *See Center for Auto Safety v. Tiemann*, 428 F.Supp. 118, 121 (D.D.C.1977).

laws. Plaintiffs propose, as an alternative, that the FHWA make specific findings regarding performance in expressly designated areas, like traffic fatality, training, road design plans, etc. Defendants argue that plaintiffs' "methods" are not required and, in fact, would hinder the process of determining CA.

Currently, the regulations provide that a "capability" finding "will be based on an FHWA evaluation of a State's performance and resources." 43 Fed.Reg. 46965 (to be codified at 23 C.F.R. § 640.109(a)(2)(ii)). In addition, the regulations specify the various reports, reviews, and other sources which may be examined in evaluating a state's resources or performance. *Id.* (to be codified at 23 C.F.R. §§ 640.109(a)(2)(ii)(A) & (B)). Plaintiffs argue that this reference to documentary sources is inadequate and that *only* a comprehensive list of specific factors can satisfy the mandate of 23 U.S.C. § 117. The plaintiffs, however, have failed to show where the statute, in either its language or it legislative history, mandates these specific criteria. Although the statute requires the Secretary of Transportation to make a finding of "capability," it does not prescribe any particular formula or method. As the regulations currently stand, this Court is unable to conclude that they will lead to arbitrary or capricious decision making. As the Court of Appeals for this Circuit explained in *Pacific Legal Foundation v. Dept. of Transportation,* 193 U.S.App.D.C. ——, at ——, 593 F.2d 1338, at 1343 (1979), agency rulemaking should be sustained when it is "consistent with its statutory mandate, rational, and not arbitrary."

Moreover, a review of the Federal-Aid Highway Act, 23 U.S.C. §§ 101–156 (1976), indicates that when Congress desired to set specific performance levels, the law clearly reflected that intent. Thus, § 109(b) of title 23 establishes the requirement that the Interstate Highway System provide at least four lanes of traffic. Even more significant is Congress' failure to include the specific criteria, which the plaintiffs' propose, when it amended section 117 in 1976. Plaintiffs' suggestions were certainly before the legislature at that time, and Con-

gress must have deliberately declined to adopt such criteria. *See Kay v. FCC,* 143 U.S.App.D.C. 223, 231, 443 F.2d 638, 646 (1970). Thus, the Court concludes that Congress has decided to permit the Secretary of Transportation or the Administrator of the FHWA to determine the factors relevant to a "capability" finding and the appropriate method for making such a finding. *See Vermont Yankee Nuclear Power Corp. v. Natural Resources Council, Inc.,* 435 U.S. 519, 98 S.Ct. 1197, 55 L.Ed.2d 460 (1978).

Apart from the issue of § 117's mandate, this Court finds that there is nothing in the CA regulations which precludes reasoned and sound decision making. Thus, under 5 U.S.C. § 706(2)(A), the Court finds plaintiffs' complaint without merit. The regulations require the FHWA to consult a host of reliable sources and they compel a finding based on this material.

In view of the reasonableness of the final regulations and in view of the absence of any dispute over the material facts, the Court shall enter summary judgment in favor of defendants as to Count V of the second amended complaint.

### III. SUMMARY JUDGMENT IS APPROPRIATE AS TO COUNT IV BECAUSE THE DEFENDANTS' ACCEPTANCE OF GEORGIA'S CERTIFICATION WAS BASED ON SUFFICIENT EVIDENCE

Plaintiffs, in Count IV of the second amended complaint, object to the FHWA's acceptance, on September 3, 1974, of Georgia's Certification. To a large extent, plaintiffs' objections here parallel those made in Count V: in other words, in the absence of specific performance criteria, an individual CA approval must necessarily be arbitrary. In addition, plaintiffs submit that the defendants have failed to state the basis for their determination of Georgia's CA sufficiency and that Georgia, in fact, lacks both the standards and capability of enforcing them, required by 23 U.S.C. § 117.

This Court, in its order of February 28, 1977, remanded this case to the FHWA for

a clear articulation of the defendant Administrator's reasons for concluding that Georgia had the capability to ensure enforcement of its highway laws. 428 F.Supp. at 121. In an attempt to comply with this order, the defendants submitted affidavits testifying to Georgia's enforcement capability. This Court, in its order of November 1, 1977, found these conclusory affidavits insufficient because they did not provide the factual basis necessary for judicial review of the Agency's decision. Accordingly, the Court again remanded the case to the Agency, instructing it to reconsider the "capability" issue with reference to several factors enumerated in the order.[8]

In compliance with the order of November 1, 1977, the defendants have provided the Court with several documentary exhibits, each of which contains a "summary and analysis" explaining the documents' significance in the "capability" determination. Plaintiffs, in Count IV of their second amended complaint, assert that these documents do not support the finding that Georgia has laws and standards equivalent to those in title 23, United States Code, as well as the capability of enforcing those laws.

■ This Court has reviewed all of the Agency's exhibits and studied the relevant analytical summaries. After a careful examination of this material, the Court concludes that the defendants have complied with the orders of this Court issued on February 28 and November 1, 1977. These documents and the record considered as a

whole clearly indicate that the Agency's decision to accept Georgia's Certification was supported by substantial evidence. *See Universal Camera Corp. v. NLRB*, 340 U.S. 474, 485, 71 S.Ct. 456, 95 L.Ed. 456 (1951).[9] For example, the Agency has shown that for twenty years Georgia operated satisfactorily under the "Secondary Road Plan." [10] This plan [11] was the predecessor to the current CA system and, like CA, it provided for the administration of highway projects on the Federal-aid secondary system with little or no federal review. The remainder of the documents cover many topics, including research and development, safety review, financial health, personnel training, and, most importantly, the ability of Georgia's Department of Transportation to take corrective action once deficiencies have been spotted.

■ Although some of the documents provided by the defendants were prepared *after* CA was awarded on September 3, 1974, the Court is not persuaded by plaintiffs' assertion that this material undercuts the adequacy of the original finding. First, based on the material available *before* September 3, 1974, the Court must conclude that the Agency's decision to award CA to Georgia was supported by substantial evidence. The Court, in its memorandum opinion of February 28, 1977, indicated that it would rely on the good faith of the defendants to avoid *post hoc* rationalization of their administrative decision. 428 F.Supp. at 121. It is satisfied that no such rationali-

---

8. In its order of November 1, 1977, the Court instructed the Federal Highway Administration to:

    . . . reconsider the capability issue with specific reference to the following factors, but of course not limited to these factors:
    (a) past performance, on highways built with and without direct Federal supervision;
    (b) present and projected financial resources;
    (c) the number and qualifications of personnel who are responsible for carrying out projects in accordance with applicable laws, regulations, directives and standards;
    (d) the training opportunities provided for personnel responsible for carrying out projects in accordance with applicable laws, regulations, directives and standards; and

    (e) whether an adequate mechanism to assure that advances in highway design technology are quickly incorporated into standard plans and operations;

9. *Cf. Pacific Legal Foundation v. Department of Transportation*, 193 U.S.App.D.C. ——, at —— n. 35, 593 F.2d 1338, at 1343 n. 35 (1979) (suggesting that the difference between the "arbitrary and capricious" and the "substantial evidence" standards of review is "largely semantic.").

10. Defendant's Exhibits II–A–1 and II–A–4.

11. The Secondary Road Plan appears at Pub.L. No. 85–767, § 117, 72 Stat. 897 (1958) (part of Act to revise and codify title 23).

zation has occurred. Second, the Agency *should* have reviewed the post-1974 material in order to determine the continuing adequacy of the applicant state. Moreover, because this Court expressly recognized the possibility "that further consideration of the capability finding [may be] warranted," a review of the post-1974 documents was certainly appropriate.

To counter this documentary evidence, plaintiffs have merely introduced several statistics which suggest that, in certain respects, Georgia's highway system may be inadequate. However, none of this material raises any doubt as to the sufficiency of the evidence on which FHWA relied in accepting Georgia's Certification. In light of the documentary exhibits, the Court finds that there are no material facts in dispute with respect to the sufficiency of the evidence relied on by the defendants. Accordingly, on Count IV of the second amended complaint, the Court shall enter summary judgment in favor of the defendants.

## IV. CONCLUSION

After a review, pursuant to 5 U.S.C. § 702 (1976), of both the defendants' final CA regulations and the decision to award CA to Georgia, the Court must conclude that plaintiffs have made no showing that either action was arbitrary, capricious, or contrary to law. Indeed, the Court finds both Agency actions to have been reasonable and in compliance with 23 U.S.C. § 117 (1976), as construed by this Court. Because there are no issues of material fact in dispute, defendants' motion for summary judgment on Counts IV and V of the second amended complaint is granted.

An Order in accordance with the foregoing will be issued of even date herewith.